**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

OCT 6 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD FRANKLIN BACON, | No. 16-16909 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-04477-LB |
| v. | |
| REETIKA KUMAR, M.D.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding[**]

Submitted September 26, 2017[***]

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

California state prisoner Ronald Franklin Bacon appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on Bacon's deliberate indifference claims relating to wheelchair authorization and drug prescriptions because Bacon failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to his serious medical needs. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; neither a difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *see also Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances").

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**

16-16909